IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| PEDRO SANCHEZ | § | |
| VS. | § | CIVIL ACTION NO. 9:21-cv-135 |
| BOBBY LUMPKIN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Pedro Sanchez, a prisoner previously confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Bobby Lumpkin, Kenneth Hutto, and M. Sloan.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff alleges he was injured on December 21, 2020, while he was being transported from Huntsville Memorial Hospital to the Eastham Unit. Plaintiff alleges Defendant Sloan was driving at a "very high rate of speed" and failed to maintain a safe distance from the vehicle in front of him. (Doc. #1 at 4.) Plaintiff alleges Defendant Sloan braked hard, which caused Plaintiff, who was handcuffed and shackled, to hit his head into the steel cage behind the driver's seat. Plaintiff suffered injuries to his forehead, eye, and the side of his face, and he was brought to the Estelle Unit for medical treatment.

Standard of Review

The district court is required to review civil actions filed by prisoners against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The complaint, or any portion of the complaint, may be dismissed pursuant to 28 U.S.C. § 1915A(b) if it: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on a clearly meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need to contain detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a cause of action under § 1983, Plaintiff must allege two elements. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

*Personal Involvement*

To successfully plead a cause of action in a civil rights case, Plaintiff must enunciate a set of facts that illustrate the defendants' participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff does not allege facts demonstrating that either Defendant Lumpkin, the Director of TDCJ-CID, or Defendant Hutto, the Warden of the Eastham Unit, were personally involved in the incident that forms the basis of this Complaint. It appears that Plaintiff is suing them because of their supervisory positions over Defendant Sloan, a Correctional Officer.

Under § 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). A supervisor may be held liable only for implementing a policy that repudiates constitutional rights and the policy is the moving

force of the constitutional violation. *Id*. Accepting Plaintiff's allegations as true, there is no basis to hold Defendant Lumpkin or Defendant Hutto liable in a supervisory capacity because Plaintiff does not allege that either Defendant implemented a constitutionally-deficient policy that resulted in Plaintiff's injuries. Therefore, the claims against Defendants Lumpkin and Hutto are frivolous and fail to state a claim upon which relief may be granted.

*Negligent Conduct*

Plaintiff contends Defendant Sloan violated his Eighth Amendment right to be free from cruel and unusual punishment when he caused Plaintiff an injury while driving a prison van. An Eighth Amendment claim consists of two components--one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 839 (1994). To satisfy the objective requirement, Plaintiff must prove that he was exposed to a substantial risk of serious harm. *Id.* at 834; *Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002). Plaintiff must also demonstrate that Defendant Sloan was deliberately indifferent to that risk. *See Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry; Plaintiff must establish that Defendant Sloan was aware of an excessive risk to Plaintiff's health or safety, and yet consciously disregarded the risk. *Farmer*, 511 U.S. at 840-41; *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002). Under exceptional circumstances, a defendant's knowledge of a substantial risk of harm may be inferred by the obviousness of the risk. *Farmer*, 511 U.S. at 842; *Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).

Plaintiff has not shown that Defendant Sloan was deliberately indifferent to Plaintiff's safety when he braked hard while transporting Plaintiff in the prison van. At best, Plaintiff is asserting a

claim for negligence governed by State law and not implicating a constitutional right for which this court has jurisdiction. Allegations that the defendant was negligent or failed to act reasonably are insufficient to state an actionable claim under § 1983. *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003); *Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."). Therefore, the claim against Defendant Sloan should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

## Recommendation

This civil rights action should be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by

the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 31st day of January, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

TRIBUNAL FEDERAL DE LOS ESTADOS UNIDOS

DISTRITO ESTE DE TEXAS

DIVISION DE LUFKIN

| | | |
|---|---|---|
| PEDRO SANCHEZ | § | |
| VS. | § | CAUSA CIVIL NO. 9:21-cv-135 |
| BOBBY LUMPKIN, Y OTROS | § | |

INFORME Y RECOMENDACION
DE JUEZ FEDERAL DE INSTRUCCION

El demandante Pedro Sanchez, un preso anteriormente recluido en la unidad de Eastham del Departamento de Justicia Penal de Texas, División de Correccionales, abogando por su propia cuenta, entabló esta causa de derechos civiles conforme a 42 U.S.C. § 1983 en contra de Bobby Lumpkin, Kenneth Hutto, y M. Sloan.

Esta causa se le remitió al juez de instrucción abajo firmante conforme a 28 U.S.C. § 636 para establecer los hechos, conclusiones legales y recomendaciones sobre la resolución de la causa.

Trasfondo fáctico

Mantiene el demandante que sufrió lesiones el 21 de diciembre del 2020, mientras lo trasladaban del Hospital Huntsville Memorial a la Unidad de Eastham. Mantiene el demandante que Sloan manejaba "a muy alta velocidad" y que se acercó demasiado al vehículo de adelante (Doc. #1, pág.. 4.) Mantiene el demandante que el demandado Sloan frenó bruscamente, que causó que el demandante, esposado y engrilletado, se golpeara la cabeza con la jaula de acero detrás del asiento del chofer. El demandante sufrió lesiones de la frente, el ojo y el lado de la cara y lo llevaron a la Unidad Estelle para tratamiento médico.

Norma de Revisión

Le corresponde al tribunal de distrito examinar causas civiles entabladas por presos en contra de un órgano gubernamental o un oficial o empleado del mismo, según 28 U.S.C. § 1915A(a). La demanda o cualquier parte de la misma se puede sobreseer conforme a 28 U.S.C. § 1915A(b) si: (1) carece de fundamento, es maliciosa o no plantea un reclamo apto a una reparación judicial, o (2) busca indemnización económica de un/a demandado/a exento/a a la misma.

Se estima sin fundamento una demanda que contenga afirmaciones fácticas y conclusiones legales si carece de un fundamento que se pueda argumentar ya sea por ley o de hecho según *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5º Cir. 1997). Una demanda carece de un fundamento legal que se pueda argumentar si se basa en una hipótesis jurídica que claramente carece de fundamento. Véase *Siglar v. Hightower*, 112 F.3d 191, 193 (5º Cir. 1997). Una demanda carece de un fundamento de hecho que se pueda argumentar si los hechos expuestos claramente carecen de fundamento después de haberle brindado al demandado la oportunidad de presentar hechos adicionales al ser necesario. *Denton v. Hernández*, 504 U.S. 25, 32 (1992).

Una demanda no tiene que incluir afirmaciones fácticas detalladas, pero el demandante tiene que plantear suficientes hechos como para demostrar más que un derecho especulativo a una reparación judicial. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Es procedente sobreseer la causa por no haber planteado un reclamo si la demanda no incluye suficientes hechos como para exponer un reclamo creíble a primera vista *Id*. at 570. Afirmaciones concluyentes y una recitación predecible de los elementos de la causa no serán suficientes para evitar el sobreseimiento de la causa por no haber expuesto una afirmación. *Id*. at 555. El

2

demandante tiene que plantear hechos que permitan que el Juez "haga la razonable inferencia que el demandado es el responsable de la mala conducta imputada". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### Análisis

La sección 42 § 1983 del Código Federal crea una causa en contra de cualquier persona que prive a otra persona de un derecho constitucional dotado de protección federal mientras actúa en nombre del gobierno. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5º Cir. 2002).

El apartado 1983 dice:

> Cualquiera que, en representación de cualquier ley, ordenanza, reglamento, costumbre o uso de cualquier estado . . . sujete a otro ciudadano de los Estados Unidos o a cualquier otra persona dentro de la jurisdicción de los mismos a la privación de cualquier derecho, privilegio o protección asegurada por la Constitución y las leyes tendrá responsabilidad legal ante la parte agredida . . . .

42 U.S.C. § 1983. Para exponer una causa conforme a § 1983, el demandante tiene que exponer dos elementos. "Primero, el demandante tiene que manifestar que alguna persona le ha privado de un derecho federal. Segundo, tiene que manifestar que la persona que le privó de ese derecho lo hizo mientras actuaba en nombre de la ley estatal o territorial" *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

*Participación Personal*

Para plantear exitosamente una causa en un caso de derechos civiles, el demandante tiene que enumerar hechos que ilustren la participación personal en el supuesto agravio. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5º Cir. 1986). El demandante no plantea hecho que demuestre que el demandado Lumpkin, el Director de TDCJ-CID, o el demandado Hutto, alcaide de la unidad de Eastham, participaron personalmente en el incidente que constituye el fundamento de esta

3

demanda. Parece que el demandado los está demandando por sus cargos de supervisión sobre el demandado Sloan, un carcelero. Según § 1983, funcionarios de supervisión no responden de las acciones de sus subordinados según ninguna teoría de responsabilidad vicaria. *Oliver v. Scott*, 276 F.3d 736, 742 (5º Cir. 2002). Se puede responsabilizar a un supervisor solo por implementar una política que rechace los derechos constitucionales cuando esa política impulse la violación constitucional. *Id.* Si son ciertos los reclamos del demandante, no hay fundamento para responsabilizar a los demandados Lumpkin o Hutto por el hecho de ser supervisores porque el demandante no reclama que cualquier demandado haya implementado una política anticonstitucional que provocara sus lesiones. Por lo tanto, carecen de fundamento los reclamos contra los demandados Lumpkin y Hutto y no plantean un reclamo apto a reparación legal.

*Conducta Negligente*

Manifiesta el demandante que el demandado Sloan violó su derecho a no ser sujetado a castigo cruel e inusual según la octava enmienda cuando le ocasionó una lesión mientras manejaba una camioneta van de la prisión. Un reclamo según la octava enmienda consiste en dos componentes—uno objetivo y uno subjetivo. *Farmer v. Brennan*, 511 U.S. 825, 839 (1994). Para cumplir con el requisito objetivo, el demandante tiene que demostrar que fue expuesto a un riesgo sustancial de un daño contundente. *Id.* at 834; *Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5º Cir. 2002). El demandante también tiene que demostrar que el demandado Sloan demostró indiferencia intencional ante ese riesgo. Véase *Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. El estándar de indiferencia deliberada requiere indagación subjetiva; El demandante debe establecer que el demandado Sloan estaba consciente de un riesgo excesivo a la salud o seguridad del demandante y aún así ignoró conscientemente ese riesgo. *Farmer*, 511 U.S. at 840-41; *Adames v. Perez*, 331 F.3d 508, 512 (5º Cir. 2003); *Calhoun v. Hargrove*, 312 F.3d 730, 734

(5º Cir. 2002). En circunstancias excepcionales, el conocimiento que tiene un demandado de un riesgo sustancial de daño se puede inferir por el carácter obvio del riesgo. *Farmer*, 511 U.S. at 842; *Harris v. Hegman*, 198 F.3d 153, 159 (5º Cir. 1999); *Reeves v. Collins*, 27 F.3d 174, 176 (5º Cir. 1994).

El demandante no ha demostrado que el demandado Sloan actuó con indiferencia intencional a la seguridad del demandante cuando frenó bruscamente mientras lo transportaba en una camioneta van de la prisión. Como mucho, el demandante ha interpuesto un reclamo por negligencia que rige la ley estatal y no implica un derecho constitucional sobre el que tenga competencia este tribunal. Los reclamos de que el demandado fue negligente o no actuó razonablemente no bastan para plantear un reclamo accionable según § 1983. *Mace v. City of Palestine*, 333 F.3d 621, 626 (5º Cir. 2003); *Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 756 (5º Cir. 2001) ("es indisputable que una diagnosis incorrecta de parte de personal médico en una prisión no basta para plantear un reclamo por indiferencia intencional."); *Hall v. Thomas*, 190 F.3d 693, 697 (5º Cir. 1999) ("Reclamos por mala praxis o negligencia nunca expresarán un reclamo conforme a la octava enmienda."). Por lo tanto, se debe sobreseer el reclamo contra el demandado Sloan por falta de fundamento y por no plantear un reclamo apto a reparación judicial.

## Recomendación

Esta causa de derechos civiles se debe sobreseer por falta de fundamento y por no plantear un reclamo apto a reparación judicial conforme a 28 U.S.C. § 1915A(b)(1).

## Objeciones

Dentro de catorce días después de recibir el informe del juez de instrucción, cualquier parte de la causa puede interponer objeciones escritas a las conclusiones fácticas, conclusiones

5

legales o la recomendación del juez de instrucción, realizando entrega oficial de las mismas a la parte contraria. 28 U.S.C. § 636(b)(1)(C).

No interponer objeciones escritas a las conclusiones fácticas o legales propuestas o las recomendaciones que contiene este informe dentro de catorce días después de su entrega oficial impedirá que este tribunal de distrito revise nuevamente estas conclusiones y recomendaciones a petición de la parte agraviada, ni podrá recibir revisión apelatoria de las conclusiones fácticas o legales aceptadas por el tribunal de distrito salvo en caso de un error claro. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5º Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.